UNITED STATES of America, Appellee,

v.

Tereatha A. WILLIAM, Appellant.

No. 94–1349.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1994.

Decided Feb. 24, 1995.

Susan Koenig–Cramer, Omaha, NE, for appellant.

Michael P. Norris, Asst. U.S. Atty., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Tereatha A. William appeals from a final judgment entered in the United States District Court[1] for the District of Nebraska finding her guilty, pursuant to a guilty plea, of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced William to 60 months imprisonment, four years supervised release, and a special assessment of $50. For reversal, William argues that she should have been held accountable only for the amount of crack cocaine to which she pleaded guilty.

William pleaded guilty to distributing .3 grams of crack cocaine, but the presentence report (PSR) recommended holding her ac-

countable for over 9 grams of crack as relevant conduct because she arranged a drug transaction between her codefendant, Charles Gray, Jr., and two others: a confidential informant and DEA undercover agent James McDowell.

At sentencing, McDowell testified that when he first came to William's home, there was a conversation about $50 which the confidential informant owed William. William said that, regardless of that money, she would need $50 from them to purchase the crack they wanted. When William returned a few moments later with $50 worth of crack (.3 gram), the informant told her he had meant to purchase half an ounce, and they agreed to meet the next day. McDowell and the informant returned the next day: McDowell waited in the car until the informant and Gray came out to the car. Gray did not have any crack with him, but they drove off to acquire some. McDowell testified that William came out to the car just before they left and requested $50 for setting up the deal; he informed her the deal had not happened yet, and she told him he was not going anywhere till she got her $50. He gave her $60, and she told him he could come back later for $10 change.

■ Although William did not testify at sentencing, she had claimed in her PSR version of the offense that, at the car, she was merely demanding the $50 the informant owed her for a barbecue grill, not for arranging the drug transaction.

At sentencing, a tape of the conversation at the car was played, but was unintelligible on the loudspeaker system. The court noted it had independently listened to the tape in chambers, but did not specify what it heard on the tape. The court found that, based on "the evidence presented here in the courtroom, [and] from listening to the tape, the defendant aided, abetted, and procured the conduct with respect to obtaining the additional 9 grams of cocaine."

William's sole claim on appeal was that she never intended to arrange the second drug transaction—she merely wanted the $50

---

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

owed her for the grill—and thus, she should not have been held accountable for the additional 9 grams of crack. Because the tape was unavailable to this court on appeal, we remanded to the district court for additional findings. On remand, the district court noted it had relied on the tape-recorded conversation to the extent that it corroborated McDowell's testimony. Reviewing his testimony alone, the district court credited his version over that of William—that the money was paid to William for the purpose of arranging the second drug transaction.

In determining drug quantity, "[t]he government bears the burden of proving by a preponderance of [reliable] evidence the quantity of drugs involved." *United States v. Smiley*, 997 F.2d 475, 481 (8th Cir.1993). A district court's findings as to drug quantity attributable to a defendant will not be overturned on appeal unless clearly erroneous, and its findings as to witness credibility are " 'virtually unreviewable on appeal.' " *United States v. Adipietro*, 983 F.2d 1468, 1472 (8th Cir.1993) (quoting *United States v. Candie*, 974 F.2d 61, 64 (8th Cir.1992)). Here, the only evidence presented at sentencing (absent the tape) was McDowell's testimony that William was paid for arranging the second drug transaction. Under the circumstances, we find no clear error in attributing to her the additional crack cocaine.

Accordingly, the judgment is affirmed.